IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

JUDITH A. PACK,

      Plaintiff,

vs.                  CASE NO.: 8:07-

ZAKHEIM & ASSOCIATES, P.A.;
RICHARD BATTAGLINO; LVNV
FUNDING LLC,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
### (Unlawful Debt Collection Practices)

### PART I: INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts; and the Florida Consumer Collection Practices Act, Chap. 559, Florida Statutes ("FCCPA"), which prohibits all persons from engaging in abusive, deceptive and unfair practices

in the collection of consumer debts.

2. The debt sought to be collected by the defendants herein was a consumer debt within the meaning of the FDCPA and the FCCPA.

3. The plaintiff has retained the below-signed attorneys and is obligated to pay them a reasonable fee for their services.

## PART II: JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C., § 1337; supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

5. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## PART III: PARTIES

6. Plaintiff Judith A. Pack("Pack") is a natural person residing in Hillsborough County, Florida, which is in the Middle District of Florida, Tampa

Division.

    7. The defendants herein are as follow:

        a. Zakheim & Associates, P.A. ("Zakheim") is a Corporation formed under the laws of the state of Florida, with its headquarters being located in Plantation, Florida.

        j. Richard Battaglino ("Battaglino") is believed to be a natural person who at all times material hereto acted as an agent or representative of Zakheim & Associates, P.A.

        c. LVNV Funding, LLC ("LVNV") is a Limited Liability Company formed under the laws of the state of Delaware, with its headquarters being located in Charleston, South Carolina.

    8. All defendants are "debt collectors" as defined by the FDCPA at 15 U.S.C., Section 1692a(6). All defendants are subject to the provisions of the FCCPA.

PART IV: FACTUAL ALLEGATIONS

    9. The plaintiff has been the object of consumer

debt collection activity by the defendants, which
activity occurred within one year prior to the date
of filing this action.

10. In the course of the above-said consumer debt
collection activity, various of the defendants
violated one or more provisions of the FDCPA and the
FCCPA, including but not limited to the following:

a. Zakheim, Battaglino and LVNV failed to
provide, either in the initial communication with the
Plaintiff, said initial communication attached hereto
marked as "Exhibit A", or within five days after the
initial communication, the validation of debt
information mandated by the FDCPA, thus violating 15
U.S.C. § 1692g.

b. Zakheim, Battaglino and LVNV used false or
deceptive means in attempting to collect a debt from
the Plaintiff by sending a communication to the
Plaintiff, said communication attached hereto marked
as "Exhibit A", falsely implying that this was a
"communication from an attorney", but which is in

fact a form letter mailed without the requisite

degree involvement of an attorney as required by the

FDCPA, thus violating 15 U.S.C. § 1692e(3) and 15

U.S.C. § 1692e(10) and Florida Statute 559.72(7).

### COUNT I: CLAIM FOR VIOLATIONS OF FDCPA

11. Plaintiff realleges and incorporates herein

by reference the paragraphs contained in Parts I, II,

III, and IV above.

12. As a result of violating the FDCPA, all

defendants are liable to the plaintiffs for statutory

damages of $1,000.00 per defendant, together with

actual damages, costs, and attorneys fees, all as

provided in 15 U.S.C. § 1692k.

### COUNT II: CLAIM FOR VIOLATIONS OF FCCPA

13. Plaintiff realleges and incorporates herein

by reference the paragraphs contained in Parts I, II,

III, and IV above.

14. As a result of violating the FCCPA, all

defendants are liable to the plaintiffs for statutory

damages of $1,000.00 per defendant, together with

actual damages, costs, and attorneys fees, all as provided at § 559.77, Florida Statutes.

15. The FCCPA, at § 559.77(2), Fla. Stat., provides for the imposition of punitive damages against offending parties within the discretion of the Court, and such damages may be claimed by the plaintiff now. Cohen v. Office Depot, 184 F.3d 1292 (11th Cir. 1999); reaffirmed, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). The plaintiffs accordingly request that the Court exercise such discretion and impose punitive damages on the defendants herein upon the showing of abuse and harassment of the plaintiffs through various violations of both the FDCPA and the FCCPA.

WHEREFORE, plaintiffs demand judgment against the defendants, as indicated above, for the following:

a. Actual and statutory damages pursuant to 15 U.S.C. § 1692(k);

b. Actual and statutory damages pursuant to § 559.77, Fla. Stat.;

c. Punitive damages pursuant to § 559.77(2);

d. Costs and attorneys' fees pursuant to both 15 U.S.C. § 1692 and § 559.77(2), Fla. Stat.;

e. Such other and further relief as the Court may deem to be just and proper.

f. Plaintiffs demand trial by jury in this action.

s/ Frederick W. Vollrath
FREDERICK W. VOLLRATH, TRIAL COUNSEL
FBN 165812  Email fredvollrath@aol.com
TIMOTHY CONDON, CO-COUNSEL
FBN  217921  Email tim@timcondon.net
VOLLRATH-CONDON, P.A.
P.O. Box 1007, Tampa, Florida 33601
Tel. 813-251-2626  Fax 813-254-2979
COUNSEL FOR PLAINTIFFS